**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RIGOBERTO LUIS RUIZ-PEREZ, | CASE NO. 5:26-cv-2087-SK |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION [ECF 1] AND DENYING AS MOOT SECOND APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF 12]** |
| SHANNON DICUS, et al., | |
| Respondents. | |

Petitioner is a noncitizen from Mexico currently detained at the Adelanto Detention Facility.  (ECF 9 at 3, 7).  He entered the United States in 2002 evidently undetected by immigration authorities.  (*Id.* at 7).  In the twenty-four years since, Petitioner settled in Duarte, California.  (*Id.*).  But in April 2026, Petitioner was arrested by federal immigration agents outside of his apartment and transported to Adelanto where he remains detained with no individualized custody determination pending removal proceedings.  (*Id.* at 5, 7).

Relevant here, both parties agree that Petitioner is subject to the judgment in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127-28 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  (ECF 13 at 2).  As a result, neither party contests that, like other eligible detainees, Petitioner should receive an individualized bond hearing

under 8 U.S.C. § 1226(a) in accordance with the declaratory judgment in *Maldonado Bautista*.  (ECF 13 at 2).

Moreover, as a noncitizen detainee subject to the benefits of the judgment in *Maldonado Bautista*, Petitioner should receive the same type of bond hearing that other detainees have routinely received from the same court that entered judgment in *Maldonado Bautista*—that is, one in which the Government bears the burden of showing by clear and convincing evidence that the noncitizen should be detained pending removal proceedings.  *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS, 2026 WL 579160, at *1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026).  There is no cause—and Respondents offer none—to give Petitioner a lesser or different form of relief than that being given to other eligible detainees by the *Maldonado Bautista* court.

* * *

The petition for writ of habeas corpus under 28 U.S.C. § 2241 is thus GRANTED consistent with the declaratory judgment and other relief ordered by the court in *Maldonado Bautista*.  Within 7 days of this order, Respondents are ORDERED to release Petitioner, unless he is provided with an individualized bond hearing at which the Government must prove by clear and convincing evidence that Petitioner should be detained pending removal proceedings.

To satisfy that condition, the immigration judge must exercise her discretion to make an individualized determination whether Petitioner should be detained based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders, and

eligibility for relief from removal. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must also provide a statement of reasons, orally or in writing, for her decision. *See* 8 C.F.R. § 1003.19(f). Those reasons must be adequate to permit meaningful review by the BIA (or any other reviewing body) if an appeal is taken by either party. *See* 8 C.F.R. § 1003.38.

The parties must file a joint status report within 48 hours of Petitioner's release or compliance with this conditional writ. Meanwhile, Petitioner's second application for temporary restraining order is DENIED as moot.

IT IS SO ORDERED.

DATED: <u>May 19, 2026</u>

HON. STEVE KIM
United States Magistrate Judge

3